Edward C. MALONE, et al., Plaintiffs-Appellants,

v.

CITY OF POWAY, et al., Defendants-Appellees.

No. 82–5141.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1982.

Submission Deferred July 22, 1983.

Resubmitted April 10, 1984.

Decided Nov. 6, 1984.

Donald Worley, Thomas C. Nelson, McDonald, Hecht, Worley & Solberg, San Diego, Cal., for plaintiffs-appellants.

David C. Holdway, III, McCormick & Royce, San Diego, Cal., for defendants-appellees.

Before KENNEDY, TANG and FERGUSON, Circuit Judges.

TANG, Circuit Judge:

Plaintiff-appellant Malone appeals the dismissal of his action pursuant to Fed.R. Civ.P. 12(b)(6), for failure to state a claim.

Malone brought a damages action against defendants, certain members of the City Council of Poway and the city attorney of the City of Poway, under 42 U.S.C. § 1983 (deprivation of civil rights under color of state law) and 42 U.S.C. § 1985(3) (conspiracy to deprive another of civil rights), for failing to disqualify themselves in regard to a zoning application. The action arose out of the events leading up to and including Poway City Council's denial of Malone's application for a major use permit for 20 acres of property in Poway. Malone's specific complaint is that the majority of the City Council was prejudiced against the application and that Malone was denied a fair hearing.

The district judge citing *Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976), granted the City's motion to dismiss. We affirm, but under the rationale of the Rule of Necessity.

In the case before us, the City Council of Poway is the only body with the power to decide whether the permit should be issued.

Even in cases where the decisionmaker has a financial stake in the outcome, the Supreme Court has recognized that the Rule of Necessity not only allows, but at times requires, "judges to hear and decide cases within their jurisdiction." *United States v. Will,* 449 U.S. 200, 215, 101 S.Ct. 471, 480, 66 L.Ed.2d 392 (1980). "The rule, simply stated, means that a judge is not disqualified to try a case because of ... personal interest in the matter at issue if there is no other judge available to hear and decide the case." *Atkins v. U.S.,* 556 F.2d 1028, 1036, 214 Ct.Cl. 186 (1977). *See also FTC v. Cement Institute,* 333 U.S. 683, 701, 68 S.Ct. 793, 803, 92 L.Ed. 1010 (1948); *United States v. Morgan,* 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941).

The Rule of Necessity also has a basis in both California state policy and caselaw. *See* Cal.Gov't Code § 11512(c) (West 1980) (No member of such administrative agency shall withdraw voluntarily or be subject to disqualification if disqualification would prevent the existence of a quorum); *Olson v. Cory,* 27 Cal.3d 532, 537, 636 P.2d 532, 536, 178 Cal.Rptr. 568, 572 (1980) (state judges are not disqualified to adjudicate a cause because of personal financial interests if no other judge or court can hear the case).

In *Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976), the Supreme Court found that respondents had failed to demonstrate the sort of bias the Court has required before disqualifying decisionmakers on the grounds of bias or prejudice. We note too that the Court found crucial in that case the fact that the School Board was the governmental unit vested with the power to decide whether to terminate the employment of striking school teachers. *Id.* at 495–97, 96 S.Ct. at 2315–2316. It was in light of the "important interest in leaving with the Board the power given by the state legislature" that the Court found a showing of Board involvement to be insufficient "to overcome the presumption of honesty and integrity" in the Board. *Id.* at 497, 96 S.Ct. at 2316. Similarly, the Poway City Council has been vested with the exclusive authority to determine the suitability of proposed conditional uses within its jurisdiction. Land use decisions, which so vitally affect a community, have been historically subject to local control. In *Hortonville,* the Court also noted that the School Board's decision had "significant governmental and public policy dimensions." *Id.* at 495, 96 S.Ct. at 2315. In like manner, the City Council's considerations of the use permit involved questions of public policy. Although the application for a permit involves one tract of land, particular zoning decisions are considered within a comprehensive scheme for the development of a community's land and resources.

Since the Poway City Council is the only body that could issue the permit here and defendants comprised a majority of the city council at that time, defendants had a duty to consider Malone's application and therefore cannot be subject to a civil rights damages action for failure to disqualify themselves. It follows that City Attorney Harris could not be held liable for advising the City Council members that they need not disqualify themselves.

While the Rule of Necessity can be a complete defense in an action for money damages based solely on a failure to disqualify, it would not immunize the merits of the Council's ruling from judicial consideration. In this case we also take judicial notice that the California Court of Appeals has held that the City Council proceeded properly in denying Malone a use permit and that "[t]here is no evidence in the ... record or hearing to indicate these council members rejected respondents' application on an improper basis or on ... facts outside the record." *Malone v. City of Poway,* 4 Civ. No. 28126 slip op. at 13 n. 5 (Cal.Ct.App. July 2, 1982).

AFFIRMED.